United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

D. BRIAN F. BARTOLOME,

        Plaintiff,

  v.

DOES 1 -10,

        Defendants.
_____/

No. C-07-4887 JCS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND [Docket Nos. 3 & 7]**

      Plaintiff brings this action in pro se and has filed an Application To Proceed In Forma Pauperis ("the Application"). He has also filed a Motion for the Appointment of an Attorney ("Appointment of Counsel Motion"). The complaint was assigned to a United States Magistrate Judge and Plaintiff consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Based upon the information contained in Plaintiff's Application, the Application is GRANTED. For the reasons stated below, however, the Court DENIES Plaintiff's Appointment of Counsel Motion and DISMISSES Plaintiff's complaint with leave to amend.

      Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for an indigent plaintiff where it finds "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). A determination that a case involves exceptional circumstances requires an evaluation of both the merits of the case and the ability of the pro se plaintiff to articulate his claims in light of the complexity of the legal issues involved. *Id*. Having reviewed Plaintiff's complaint, the Court does not find Plaintiff's complaint to be "exceptional." Because the complaint fails to identify any

1  specific defendants or conduct, the Court cannot determine whether the case has merit or whether
2  complex legal issues warrant the appointment of counsel. Accordingly, the Appointment of Counsel
3  Motion is DENIED.
4      Further, the Court concludes that the allegations in the complaint fail to state any cognizable
5  claim and therefore DISMISSES the complaint without prejudice under 28 U.S.C. § 1915(e)(2)
6  (requiring court to sua sponte dismiss a case when it is frivolous or fails to state a claim upon which
7  relied can be granted). *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Where a plaintiff is
8  proceeding in pro se, the court must construe the complaint liberally. *Karim-Panahi v. Los Angeles
9  Police Dep't*, 839 F. 2d 621, 623 (9th Cir. 1988). Nonetheless, the complaint must be sufficient to
10 place defendants on notice of the nature of the claims asserted against them. *McKeever v. Block*,
11 932 F.2d 795, 798 (9th Cir. 1991). Here, Plaintiff fails to meet that standard.
12     Plaintiff shall be permitted to file an amended complaint within **thirty (30)** days of the date
13 of this order. In his complaint, Plaintiff shall clearly identify the specific conduct that forms the
14 basis of his claims, as well as the defendants who are being sued. The Clerk is instructed to dismiss
15 this action with prejudice if an amended complaint is not filed within thirty days of the date of this
16 Order.
17     IT IS SO ORDERED.
18
19 DATED: January 10, 2008

_____
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California